USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/2/2019

**HARRIS BEACH** PLLC

ATTORNEYS AT LAW

100 WALL STREET
NEW YORK, NY 10005
(212) 687-0100

**JUDI ABBOTT CURRY**

DIRECT: (212) 313-5404
FAX: (212) 687-0659
JCURRY@HARRISBEACH.COM

Via CM/ECF

Hon. Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> **Re:** **Dale Clausen and Timothy Duncan v. Woodbolt Distribution, LLC**
> **d/b/a Nutrabolt**
> **1:19-cv-08837 (LGS)**

Dear Judge Schofield:

On behalf of defendant Woodbolt Distribution, LLC d/b/a Nutrabolt ("Woodbolt"), the undersigned submits this correspondence pursuant to Your Honor's Individual Practice Rules, III.A.1 and III.C.2 to request a pre-motion briefing schedule in advance of Woodbolt's anticipated motion to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(6) and 9(b). In accordance with Your Honor's Rules, this letter stays Woodbolt's time to answer or move until further order of the Court.

### 1. Background

This is a purported class action litigation alleging that Woodbolt, an own label manufacturer of dietary supplements with its principal place of business in Texas, sold products under its XTEND® brand which claim to "Support Muscle Growth" and "Support Recovery" but fail to do so because the BCAAs[1], which are only some of the many ingredients contained in the products, allegedly decrease "muscle protein synthesis." *See* Comp. at ¶1. The two purported class representatives ("Plaintiffs")—Dale Clausen, a New York resident, and Timothy Duncan, a New Jersey resident—seek money damages, injunctive relief and class action status for violation of New York General Business Law §§ 349 and 350 ("N.Y. G.B.L."), violation of the Magnuson-Moss Warranty Act ("MMWA"), breach of express warranty, breach of implied warranty of merchantability, unjust enrichment and fraud.

---

[1] BCAA stands for "Branched-Chain Amino Acids" and are a group of three essential amino acids: leucine, isoleucine and valine. BCAAs have been the subject of numerous clinical studies on performance benefits, muscle growth and muscle recovery. Plaintiffs identify seven XTEND® products "at issue" in the complaint. However, Woodbolt sells more than a dozen uniquely formulated products under its XTEND® brand, many of which contain different formulas, ingredients (including but not limited to BCAA), dosages, methodologies of ingestion, labels, packaging, prices and instruction.



HARRIS BEACH PLLC
ATTORNEYS AT LAW

## 2. Basis of Anticipated Motion to Dismiss

### A. *Standing*

Plaintiffs inappropriately attempt to acquire standing here through the back door of a class action. In order to establish Article III standing to support federal jurisdiction, a plaintiff must allege an "injury in fact" that is concrete and particularized, not conjectural or hypothetical. *Spokeo, Inc., v. Robbins*, 136 S.Ct. 1540, 1547 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Because both Plaintiffs allege that they purchased only one of the seven products identified—XTEND® BCAA—they lack standing to assert claims on behalf of putative class members who purchased the other six products (Comp. at ¶ 1, n. 2), which contain different ingredients. *See DiMuro v. Clinique Labs*, *LLC*, 572 Fed.Appx. 27, 29 (2d Cir. 2014).

### B. *Failure to State a Claim*

The Complaint, as filed, fails to articulate any plausible theory of liability against Woodbolt. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Woodbolt will seek dismissal of all of Plaintiffs' claims because their conclusory allegations are based on one published article, which does not make their claims plausible. Notwithstanding, that singular article discusses only one component of the formulated product (BCAA), Woodbolt's products under the XTEND® brand contain a multitude of ingredients, alone and in some cases acting synergistically, that form the basis of its label claims, including L-Glutamine, Vitamin B6, Citrulline Malate and a proprietary blend of Electrolytes. Plaintiffs cannot meet their burden of proving that this combination of ingredients (as opposed to BCAAs alone) cannot substantiate their product claims. Furthermore, Plaintiffs' Complaint pleads that the author's conclusion in the article (upon which they exclusively rely) is that "the claim that consumption of dietary BCAA stimulates muscle protein synthesis or produces an anabolic response in human subjects is unwarranted." Comp. at ¶13. However, Woodbolt XTEND® product labels do not even state that BCAA stimulates muscle protein synthesis or produces an anabolic response in humans. The claims and messaging which Plaintiff's characterize as false, fraudulent and deceptive are entirely different from the actual claims on the XTEND® brand product labeling. XTEND® products are labeled to "Support Muscle Growth," and "Support Recovery." Comp. at ¶23. There are no labels and/or warranties on any of the Woodbolt XTEND® product labels that represent that these BCAA products stimulate muscle protein synthesis or produce an anabolic response in humans. Any fair reading of the labeling for the products at issue leads to only one conclusion – XTEND® products do not state that use of the products will lead to muscle growth through increased muscle protein synthesis. Comp. at ¶25. There are many other ways in which a product can "support muscle growth" outside of protein synthesis (e.g., improving muscular endurance which leads to increased micro-tears that repair to build larger muscles; providing nutrients for muscle repair). This defect renders Plaintiffs' entire Complaint fatally defective as a matter of law.

For these reasons, and also due to a lack of privity, Plaintiffs' breach of express and implied warranty claims fail. Plaintiffs also fail to plead fraud with particularity, by failing to provide sufficient details regarding the alleged misrepresentations. Fed. R. Civ. P. 9(b). Plaintiffs' N.Y. G.B.L. claims likewise fail because conclusory allegations regarding consumer impact are insufficient. *See Moses v. Citicorp Mortg. Inc.*, 982 F.Supp. 897, 903 (E.D.N.Y. 1997) ("Conclusory allegations have been held to be insufficient to state a claim under section 349."). Plaintiffs' MMWA claims must be dismissed because plaintiffs fail to identify a "written warranty" under MMWA and there are an inadequate number of named plaintiffs. *Bowling v. Johnson & Johnson*, 65 F. Supp. 3d 371 (S.D.N.Y. 2014) (finding a claim by manufacturer that mouth wash would "restore enamel" did not constitute "warranty" actionable under MMWA as claim did not guarantee performance over a specific period of time.). Finally, Plaintiffs' unjust enrichment claim must be dismissed as duplicative of other claims. *Price v. L'Oreal USA, Inc.*, No. 17 Civ. 0614 (LGS), 2017 WL 4480887, at *5 (S.D.N.Y. 2017) (dismissing unjust enrichment claim under New York law as duplicative of the other causes of action). Injunctive relief is also unavailable because Plaintiffs do not allege that they will suffer any future injury. *Hidalgo v. Johnson & Johnson Consumer Co.*, *Inc.*, 148 F. Supp.3d 285, 295-6 (S.D.N.Y. 2015).

### 3. Proposed Briefing Schedule & Adjournment of Initial Conference

Woodbolt respectfully requests that its opening brief and supporting documents be due on December 20, 2019. Woodbolt is amendable to any deadline that Plaintiffs, or the Court, think is appropriate for Plaintiffs' opposition papers, and further proposes that Woodbolt's reply papers be due three weeks from the date of e-filing of Plaintiffs' opposition papers.

Because Woodbolt will be moving to dismiss the Plaintiffs' Complaint in its entirety, we also seek the Court's permission to adjourn the Initial Conference set by the court, currently scheduled for December 10, 2019. The original date set for this conference was November 21, 2019. One previous request for an adjournment made by Plaintiffs' counsel due to a scheduling issue, which was granted by this Court. The new initial conference date we propose is January 21, 2020. Plaintiffs' counsel consents to the adjournment.

On behalf of Woodbolt, thank you for your consideration of this matter.

Application GRANTED in part and DENIED in part.

The initial conference set for December 10, 2019, at 10:30 A.M. is adjourned to December 12, 2019, at 10:30 A.M. The parties shall file the pre-initial conference material by December 5, 2019.

Plaintiffs shall also file a response to this letter by December 5, 2019. The letter shall comply with the Court's Individual Rules regarding pre-motion letters. The letter shall include a complete briefing schedule. The schedule may take into consideration the December holidays.

Dated: December 2, 2019
New York, New York

Very truly yours,

Judi Abbott Curry

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE