USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __12/16/2019__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DALE CLAUSEN and TIMOTHY DUNCAN, individually and on behalf of all others similarly situated,

                                   Plaintiffs,

          v.

WOODBOLT DISTRIBUTION, LLC d/b/a NUTRABOLT,

                                   Defendant.

Civil Action No. 1:19-cv-08837 (LGS)

CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

LORNA G. SCHOFIELD, United States District Judge:

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.  All parties [consent_____/ **do not consent** ___X___] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.  [If all parties consent, the remaining paragraphs need not be completed.]

2.  The parties [**have** ___X___ / have not_____] conferred pursuant to Fed. R. Civ. P. 26(f).

3.  This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

    a.  An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
        [Yes_____/ No _X_____]

    b.  A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York?  https://nysd.uscourts.gov/rules.
        [Yes_____/ No _X_____]

    c.  A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
        [Yes_____/ No _X_____]

    d.  A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.

                                                      [Yes___/ No _X_]

4.    Alternative Dispute Resolution/Settlement

    a.    Settlement discussions [**have   X   **/ ~~have not~~_____] taken place.

    b.    Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

        • Plaintiffs' counsel has requested Defendant's sales records related to the Products, as defined in Plaintiffs' Class Action Complaint, Defendant's counsel has taken Plaintiffs' request under advisement

    c.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

        • Retention of a privately-retained mediator.

    d.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (e.g., within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

        • Within thirty (30) days of the close of fact discovery

    **e.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5.    No additional parties may be joined after **January 10, 2020** without leave of Court.

6.    Amended pleadings may be filed without leave of Court until **January 10, 2020** or as provided for leave as of right under Rule 15 of the Federal Rules of Civil Procedure.

7.    Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than **14** days from the date of this Order.

8.    Fact Discovery

    a.    All fact discovery shall be completed no later than ~~June 15, 2020~~ May 10, 2020.

        • Joint Position: This case involves complexities and exceptional circumstances that warrant this end date based on the combination of (1) the nature and scope of Plaintiffs' alleged claims, (2) Plaintiffs' attempt to certify a nationwide class and any subclasses, (3) the need for third-party discovery, (4) the fact discovery necessary to certify a class or subclasses and to prove/defend the merits of the case; and (5) the scope and extent of expert testimony for class certification and/or to

prove/defend the merits of the case.

b.    Initial requests for production of documents pursuant to <u>Fed. R. Civ. P. 34</u> shall be served by **<u>January 10, 2020</u>**.

c.    Substantial completion of document production by **<u>April 3, 2020</u>**.

d.    Interrogatories pursuant to <u>Fed. R. Civ. P. 33</u> shall be served by **<u>January 10, 2020</u>**.

e.    Depositions pursuant to <u>Fed. R. Civ. P. 30</u>, <u>31</u> shall be completed by **<u>June 15, 2020</u>**.

f.    Requests to admit pursuant to <u>Fed. R. Civ. P. 36</u> shall be served by **<u>June 15, 2020</u>**.

g.    **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9.    Expert Discovery

a.    Anticipated types of experts if any:

- **<u>Plaintiff's Position</u>**: The specific types of experts needed cannot be fully ascertained at this time.  Generally speaking, Plaintiff intends to retain merits experts and experts relevant to class certification.
- **<u>Defendant's Position:</u>** <u>Woodbolt potentially intends to retain scientific, labeling, regulatory and damages experts for class certification and merits-based issues</u> at this time.

b.    All expert discovery shall be completed no later than ~~September 14, 2020~~ June 25, 2020.

- Joint Position: This case involves complexities and exceptional circumstances that warrant this end date based on the combination of (1) the nature and scope of Plaintiffs' alleged claims, (2) Plaintiffs' attempt to certify a nationwide class and any subclasses, (3) the need for third-party discovery, (4) the fact discovery necessary to certify a class or subclasses and to prove/defend the merits of the case; and (5) the scope and extent of expert testimony for class certification and/or to prove/defend the merits of the case.

c.    No later than one month before the date in paragraph 8(a), *i.e.*, the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10.    This case [**is** __X__ / ~~is not~~ _____] to be tried to a jury.

11.    Counsel for the parties have conferred and their present best estimate of the length of trial is two-**<u> to three weeks, subject to variations based on whether any class or subclasses are</u>**

**certified**.

12.    Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:  **None at this time**.

13.    Status Letters and Conferences

    a.    By ~~February 4, 2020~~ March 10, 2020, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

    b.    By ~~June 22, 2020~~ May 25, 2020, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    c.    On ~~September 28, 2020~~ July 9, 2020 at 10:30 A.M., at ~~9:30~~ a.m., a pre-motion conference will be held for any anticipated dispositive motions, provided:

        i.    A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter at least two weeks before the conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference.

        ii.    If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar. The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated:  December 16, 2019
_____
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Counsel for the Parties: