USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/4/2020

# AGREED-TO PROTECTIVE ORDER OF
# CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT

This matter came before the Court on the Stipulation of the Plaintiffs, Dale Clausen and Timothy Duncan, by and through counsel, Bursor & Fisher, and Woodbolt Distribution, LLC d/b/a Nutrabolt (hereinafter "Nutrabolt"), by and through counsel, Harris Beach PLLC (hereinafter all referred to as the "Parties") for the entry of a Protective Order governing the disclosure and restricted use of confidential information and documents exchanged by those parties in this case. The Court, being so advised, finds good cause and hereby ORDERS:

**WHEREAS**, Plaintiffs and Nutrabolt will need to disclose and review each other's Confidential Information (as defined below) for the purpose of settlement negotiations and for the disclosure of confidential information relating to the lawsuit captioned *Dale Clausen and Timothy Duncan, individually and on behalf of all others similarly situated, v. Woodbolt Distribution, LLC d/b/a Nutrabolt*, Civil Action No. 1:19-cv-08837-LGS pending in the United States District Court for the Southern District of New York (the "Intended Use"); and

**WHEREAS**, such "Confidential Information" is to be disclosed and treated in accordance with the terms and conditions of this Protective Order;

1. **WHEREAS**, in the course of this litigation, the Parties have sought or may seek certain discovery from one another or from certain third parties (each, a "Non-Party"), including through service of subpoenas, document requests, interrogatories, depositions, and otherwise as provided by the Federal Rules of Civil Procedure and the Local Rules of this Court ("Discovery Requests"); and to expedite the exchange of discovery materials, to facilitate the prompt resolution of disputes over confidentiality, and to protect discovery material entitled to be kept confidential, the Parties stipulate and agree as follows: This Order applies to all information, documents and things exchanged in or subject to discovery in this litigation either by a Party or a Non-Party (each a "Producing Person") in response to or in connection with any request for information or discovery related to the litigation, including without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents and things produced (including documents and things produced to the receiving Party for inspection and documents and things provided to the receiving Party, whether in the form of originals or copies) as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material").

2. A Producing Person may designate Discovery Material as "Confidential" if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes information: (i) that has not been made public and that the Producing Person would not want to be made public in the ordinary course of its activities, including, but not limited to, technical, business, financial, personal or other information of a nature that can be protected under Federal Rule of Civil Procedure 26(c); (ii) that the Producing Person is under a preexisting obligation to a third-party to treat as confidential; or (iii) that the Producing Person has in good faith been requested by another Party or Non-Party to so designate on the ground that such other Party or Non-Party considers such material to contain information that is confidential or proprietary to such Party or Non-Party.

1

3. Where reasonably practicable, any Confidential Discovery Material shall be designated by the Producing Person as such by marking every such page "Confidential." Such markings should not obliterate or obscure the content of the material that is produced. Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Person may designate material as "Confidential" by informing the person to whom the material is provided, in writing in a clear and conspicuous manner at the time of production of such material, that such material is "Confidential."

4. Confidential Information. The term "Confidential Information" means all information or material of a proprietary or confidential nature, whether electronic, written, oral or otherwise, not generally known to the public, which is disclosed by a party ("Disclosing Party") to another party ("Receiving Party") and which includes, but is not limited to, the following: (i) any and all information marked "confidential" or "proprietary" or information that the party receiving such information knows or should have known is information or material considered to be confidential and proprietary to the other; (ii) all records, documents, financial information, sales data, contracts, agreements, consumer complaints, product research and development, regulatory compliance, medical records, function, system, formulae, design developments, ideas, concepts, business methods or other information, whether oral, written, electronic or otherwise, furnished by one party to the other, either before or after the date of this Protective Order relating to each party's business or personal activities, customers, customer lists, addresses, phone numbers, physical condition, medical treatment, or similar identifying indicia, or clients, client lists, or analyses, compilations, studies, summaries, extracts or other documents or records prepared by the parties that contain, otherwise reflect, or are generated from such records, documents, financial information, ideas, concepts, business methods or other information, provided by each party to the other; or (iii) software, hardware, prototypes, products in development, computer code or data, equipment, notes, memoranda, manuals, disks, know-how, procedures, materials, reports, interpretations, projections and other information, whether written or oral, to the extent it relates to the Disclosing Party, its employees, its agents, its affiliates, shareholders or subsidiaries, which has been previously provided, or which will be provided to the other party pursuant to this Protective Order. Confidential Information shall not include any information which (i) is or becomes generally available to the public other than as a result of a breach of this Protective Order; (ii) is disclosed to Receiving Party by a third party that rightfully possesses the Confidential Information and has the legal right to make such disclosure; (iii) is in the possession of Receiving Party prior to the time of disclosure by the Disclosing Party and is not subject to any duty of confidentiality; or (iv) was developed by Receiving Party independent of the Confidential Information provided by the Disclosing Party. If the Receiving Party is required to disclose Confidential Information by a court of competent jurisdiction, administrative agency or governmental body or by law, rule or regulation or by subpoena or other legal process, each party must provide the other with prompt written notice so that the party affected may seek a protective order or other appropriate remedy prior to such disclosure, and that, should disclosure of any portion of the Confidential Information be required hereunder, only that portion of Confidential Information that is legally required to be disclosed shall be furnished; provided, that each party shall use reasonable efforts to obtain assurance that confidential treatment will be accorded to such portions of the Confidential Information by the Receiving Party thereof. Without limitation on the foregoing, and solely by way of clarification, "Confidential Information" shall include the fact that the parties' discussions are taking place.

5. <u>Attorneys' Eyes Only Information</u>. Any party subject to this Protective Order shall have the right to designate any Confidential Information as "Attorneys' Eyes Only" and subject to this Protective Order any information, document, or thing, or portion of any document or thing that the party in good faith believes contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the Disclosing Party. Any party subject to this Protective Order who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – <u>SUBJECT TO AGREED-TO PROTECTIVE ORDER OF CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT</u>" (hereinafter "Attorneys' Eyes Only" or "AEO").

6. <u>Use and Disclosure of Confidential Information.</u> The Confidential Information shall not be used by the Receiving Party for any purpose whatsoever other than for the Intended Use. Neither party shall disclose the Confidential Information to any third party without the prior written consent of the other. In the event such prior written consent is given, the Receiving Party agrees that, prior to disclosing or providing access to any Confidential Information, it will obtain from such third party a written agreement, in the form of Exhibit A attached hereto, that such third party will not use or disclose the Confidential Information for other than the specific use agreed upon by the parties hereto. Each party further agrees that, upon request, it will provide a fully executed copy of such written agreement. If any third party breaches this Protective Order the Receiving Party shall be liable on the basis that such third party was their agent. Confidential Information may be disclosed without the prior written consent to each party's necessary employees, attorneys, paralegals, expert witnesses, and consultants who reasonably require access to the Confidential Information for the Intended Use and have been informed of the confidential and proprietary nature of the Confidential Information and agree to be bound by or subject to the terms and conditions of this Protective Order. Should the need arise for any of the Parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the Disclosing Party, shall deem necessary to preserve the confidentiality of such Confidential Information.

7. <u>Further Restriction on Use of Confidential Information.</u> Any materials, documents, notes, memoranda, drawings, sketches and other tangible items containing, consisting of or relating to the Confidential Information which are furnished in connection with this Protective Order or are in possession of the Receiving Party and all copies thereof, remain the property of the Disclosing Party. Neither party shall modify, adapt, reverse engineer, create derivative or mask works, or otherwise make use of the Confidential Information and receipt of the Confidential Information does not grant the Receiving Party a license to sell, market, design, or otherwise make use of the Confidential Information or any products, or of any copyright, patent, trademark, formula, trade secret or any other property right for its or any other party's benefit. With respect to Confidential Information, including formulas, products, or processes, provided by the Disclosing Party to the Receiving Party, the parties agree that Disclosing Party's Confidential Information is the property of the Disclosing Party and that the Receiving Party shall have no claim of ownership. Nothing in this Protective Order grants either party any license to the other Party's intellectual property.

3

8. <u>Destruction of Confidential Information and Documents</u>. Within thirty (30) days after the conclusion of the last of this litigation by settlement or exhaustion/waiver of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Disclosing Party or shall be destroyed, at the option of the Disclosing Party. In the event that any party chooses to destroy physical objects and Documents, such party shall certify in writing, within thirty (30) days of the conclusion of this litigation, that it has undertaken its best efforts to destroy such physical objects and Documents, and that such physical objects and Documents have been destroyed to the best of its knowledge. Notwithstanding the foregoing, a party shall not be required to destroy copies of any Confidential Information preserved or recorded within any computerized storage device or component (including hard drive or database) or saved automatically to standard back-up or archival systems in each case in compliance with normal document retention polices, provided that the Receiving Party and its representatives will not access, view, or use any such Confidential Information without the prior written consent of the Disclosing Party.

9. <u>Use of Confidential Information at Depositions</u>. All depositions shall presumptively be treated as Confidential Information unless any portion has been specifically designated as AEO on the record and subject to this Protective Order during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such thirty (30) day period, the deposition shall be classified appropriately. This Protective Order shall not preclude counsel for the parties from using during any deposition in this action any Confidential Information designated as such. Any court reporter and deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Protective Order and shall execute the certificate attached as Exhibit A. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party.

10. <u>Challenges to Confidentiality Designations</u>. The Receiving Party may, at any time, notify the Disclosing Party that the Receiving Party does not concur in the designation of a Document or other material as Confidential Information. If the Disclosing Party does not agree to declassify such document, testimony, or other material, the parties shall meet-and-confer to resolve this dispute. In advance of any such meet-and-confer, the Disclosing Party shall identify the basis of the designation, and the party challenging any designation under a provision of this Protective Order must provide a reasonable basis for any challenge. If the Parties cannot resolve the dispute, the Receiving Party may move before the Court for an order declassifying those documents, testimony, or other materials in a manner consistent with the Court's procedures for discovery disputes/motions. If no such motion is filed, such documents, testimony, or other materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

11. <u>Filing Confidential Information with the Court</u>.

    (a)    A party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents or testimony which have previously been

designated as comprising or containing Confidential Information or AEO Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall provide all other Parties with fifteen (15) days' written notice of its intent to file such material with the Court, so that the Disclosing Party may meet-and-confer regarding the Confidential Information and, if necessary, file by Order to Show Cause a motion to seal such Confidential Information. The Confidential Information shall not be filed until the Court renders a decision on the motion to seal. In the event the motion to seal is granted, all deposition transcripts, exhibits, answers to interrogatories, and other Documents which have previously been designated by a party as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses such material, shall be filed in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL - <u>SUBJECT TO AGREED-TO PROTECTIVE ORDER OF CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT</u>" as an indication of the nature of the contents, and a statement in substantially the following form:

> "This envelope, containing documents which are filed in this case by [name of party], is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the Parties and their counsel of record, except by order of the Court or consent of the Parties. Violation hereof may be regarded as contempt of the Court."

(b) As an alternative to the procedure set forth in paragraph 7(a), any party may file with the court any Documents previously designated as comprising or containing Confidential Information by filing the Confidential Information in redacted form, and submitting such Documents to the Court in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL - <u>SUBJECT TO AGREED-TO PROTECTIVE ORDER OF CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT</u>" as an indication of the nature of the contents, and a statement in substantially the following form:

> "This envelope, containing documents which are filed in this case by [name of party], is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the Parties and their counsel of record, except by order of the Court or consent of the Parties."

Such shall be returned by the Clerk upon disposition of the motion or other proceeding for which they were submitted.

(c) All pleadings, briefs or memoranda which reproduces, paraphrases or discloses any Documents which have previously been designated by a party as comprising or containing Confidential Information, shall identify such Documents by the production number ascribed to them at the time of production.

9. <u>Dispute Resolution Procedures.</u> Each party acknowledges that if either party breaches this Protective Order, the damages may be irreparable and difficult to measure, and that the non-breaching party shall be entitled to seek equitable relief, including but not limited to injunctive relief and specific performance, as a remedy for such breach. Any claim for immediate emergency injunctive relief shall be brought solely in the State or Federal courts located in New York, New York and the parties waive any defenses related to inconvenient forum. Each party hereby waives any requirement for the posting of a bond or any other security in connection thereto. Except with respect to any claim for emergency injunctive relief, any controversy or claim arising out of this Protective Order shall be settled by binding arbitration in accordance with the Rules of the American Arbitration Association; and judgment upon the award rendered in such arbitration shall be final and may be entered in any court having jurisdiction thereof. Notice of the demand for arbitration shall be filed in writing with the other party to this Protective Order and with the American Arbitration Association. In no event shall the demand for arbitration be made after the date when the institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. Any party desiring to initiate arbitration procedures hereunder shall serve written notice on the other party. The parties agree that an arbitrator shall be selected pursuant to these provisions within thirty (30) days of the service of the notice of arbitration. In the event of any arbitration pursuant to these provisions, the parties shall retain the rights of all discovery provided pursuant to the Federal Rules of Civil Procedure if the action is brought in Federal Court, or the Civil Practice Law and Rules for New York if the action is brought in State Court. Any arbitration initiated pursuant to these provisions shall be on an expedited basis and the dispute shall be heard within ninety (90) days following the serving of the notice of arbitration and a written decision shall be rendered within sixty (60) days thereafter. All rights, causes of action, remedies and defenses available under New York law and equity are available to the parties hereto and shall be applicable as though in a court of law. The parties shall share equally all costs of any such arbitration.

10. <u>Termination.</u> This Protective Order shall terminate upon the completion of the Intended Use. Upon termination of this Protective Order, each party shall return to the other or destroy all materials, including copies thereof, that contain or evidence Confidential Information, in accordance with the provisions of Section 6 above. Notwithstanding the expiration or termination of this Protective Order, the confidentiality obligations set forth herein shall continue for so long as such information remains Confidential Information as set forth herein.

11. <u>Governing Law.</u> This Protective Order shall be governed by and construed in accordance with the laws of the State of New York (without giving effect to its choice of law principles).

12. <u>Binding Nature of Protective Order; Assignment.</u> This Protective Order shall be binding upon and inure to the benefit of the parties hereto, their successors and permitted assigns, except that no assignment of any rights in Confidential Information shall be permitted without the prior written consent of the non-assigning party.

13. <u>Miscellaneous</u>.

- (a) Where appropriate to give effect to the Intended Use, references to either party include affiliates, subsidiaries, agents, directors, officers, employees and consultants, to the extent that each is bound by the obligations set forth herein.

- (b) This Protective Order shall not be modified or amended except in writing signed by both parties.

- (c) All notices, requests, consents, demands and other communications under this Protective Order (collectively a "Notice") shall be in writing, effective upon dispatch and required to be sent by pre-paid certified mail, return receipt requested or by any recognized overnight express mail delivery service (next day delivery specified in any Notice given hereunder).

- (d) If any term or provision of this Protective Order or the application thereof shall, for any reason and to any extent be invalid or unenforceable, the remainder of this Protective Order, or the application of such term or provision to persons or circumstances, other than those to which it is held valid or unenforceable, shall not be affected thereby, but rather shall be enforced to the fullest extent permitted by law. This Protective Order does not create any agency, joint venture, contract for services or sale of products, partnership or employment relation, between the parties.

- (e) Neither party's failure to insist on strict performance of any of the terms and conditions herein or to exercise any right or privilege hereunder shall be deemed a waiver of such provision or of any prior or subsequent breach of the same or any other provision.

- (f) Nothing in this Protective Order shall obligate a party to disclose any information to the other party or to enter into any other agreement.

- (g) Nothing in this Protective Order shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any Confidential Information or Documents revealed in the course of disclosure.

- (h) Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its confidential nature as provided in this Protective Order, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

- (i) This Protective Order is entered into without prejudice to the right of either party to seek relief from, or modification of, this Protective Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the applicable Court Rules or other applicable law.

- (j) This Protective Order shall not bar any attorney herein in the course of rendering advice to their client with respect to this litigation from conveying to any party

client (including affiliated companies) their evaluation in a general way of Confidential Information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communication with their client, the attorney shall not disclose the specific contents of any Confidential Information if such disclosure would be contrary to the terms of this Protective Order.

(k) This Protective Order may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument.

(l) This Protective Order contains the entire understanding between the parties with respect to the confidentiality and non-disclosure obligations relating to the Confidential Information.

**IN WITNESS WHEREOF** and intending to be legally bound hereby, the parties by and through their authorized representative execute this document as of the date and year set forth above.

Harris Beach PLLC, Attorneys for Woodbolt Distribution, LLC d/b/a Nutrabolt

By: *[signature]*

Name: Judi Abbott Curry

Title: Partner

Bursor & Fisher, Attorneys for
Dale Clausen and Timothy Duncan, individually and on behalf of all other similarly situated

By: *[signature]*

Name: Philip L. Fraietta

Title: Partner

The Court retains unfettered discretion whether or not to afford confidential treatment to any Confidential Information or information contained therein submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or discretion by the Court.

The parties are reminded to comply with the Court's Individual Rules, including the rules regarding the submission of sealed and redacted materials. Any provisions that are inconsistent with the Court's rules regarding the submission of sealed and redacted materials are hereby stricken.

SO ORDERED.

Dated: March 4, 2020
New York, New York

*[signature]*
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DALE CLAUSEN and TIMOTHY DUNCAN, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>WOODBOLT DISTRIBUTION, LLC d/b/a NUTRABOLT,<br><br>        Defendant. | Civil Action No. 1:19-cv-08837-LGS |

<b>AGREEMENT TO BE BOUND BY AGREED-TO
<u>PROTECTIVE ORDER OF CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT</u></b>

I, _____, being duly sworn, states that:

1. My address is _____.

2. My present employer is _____, and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Agreed-To Protective Order of Confidentiality and Non-Disclosure Agreement in this case, and I will comply with all provisions of the Agreed-To Protective Order of Confidentiality and Non-Disclosure Agreement.

5. I will hold in confidence and not disclose to anyone not qualified under the Agreed-To Protective Order of Confidentiality and Non-Disclosure Agreement any Confidential Information or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit use of Confidential Information disclosed to me solely for purpose of this matter.

7. No later than the final conclusion of the case, I will return all Confidential Information and summaries, abstracts, and indices thereof which come into my possession, and

documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature

_____
Print Name

_____
Date